## C. B. ALEXANDER v. J. C. LLOYD ET AL.

1. GARNISHMENT. *Service. Judgment by default. Code* 1892, §§ 2134, 3417.

Section 2134, code 1892, requires writs of garnishment to be served as a summons. Under § 3417, where the service is within five days before the return-day, the garnishee is not required to answer until the next term. In such case, judgment by default cannot be taken against him before the next term, and the fact that five days have elapsed after service, and before entry of the judgment, does not change this.

2. SAME. *Personal service. Scire facias. Code* 1892, § 2134.

The last clause of § 2134, which provides that if a garnishee be not personally served, and make default, judgment *nisi* shall be rendered against him, and a *scire facias* awarded, returnable to the next term, unless the court be satisfied that he can be personally served at once, "in which case it may be returnable instanter," applies only to the service of the *scire facias*, and does not obviate the necessity of serving the original writ five days before the return-term.

FROM the circuit court of Holmes county.

HON. C. H. CAMPBELL, Judge.

Appellant, Alexander, plaintiff in a judgment against the Equitable Fire Insurance Company, of Meridian, Mississippi, caused a writ of garnishment thereon to issue against J. C. Lloyd and others, the appellees herein, returnable before the circuit court of Holmes county on the fourth Monday of

November, 1892.  The writ was executed personally on the
garnishees, but the service was not had until two days before
the return-day.  The garnishees did not appear at the return-
term, and on the third day thereof judgment by default was
entered against them for the full amount of plaintiff's judg-
ment.  On a subsequent day of the term, said garnishees
moved the court to set aside the judgment against them, be-
cause the writ of garnishment had not been served on them
five days before the return-day.  This motion was sustained,
and the judgment was set aside, and plaintiff appeals.

*Hooker & Wilson*, for appellant.

While it is true that a writ of garnishment, as to the gar-
nishees, is original process, it is not required to be served five
days before court.  A fair construction of § 2134, code 1892,
is that the garnishment shall be served in the same manner
that a summons is required to be executed.  But the latter
part of the section shows that all the time the garnishee can
require is five days after personal service before judgment,
whether the service be two days before court or on the first
day of the term.  If he does not answer within five days
after service, plaintiff is entitled to judgment.

The garnishees were in court, both by service of process
and by appearance, and the plaintiff was entitled to judg-
ment.

*Cochran & Bozeman*, for appellees.

We submit that a writ of garnishment must be executed
in all respects as a summons.  Code 1892, § 2134.  It must
be made returnable to a term of the court.  §§ 2130, 2131.
The garnishee must answer on the first day of the return-
term.  § 2140.  As a writ of garnishment is original process,
and controlled by the law applicable to a summons, where
the service is within five days before the return-day, it is
effectual only to require appearance at the term next after
that to which it is returnable.  § 3417.  Counsel for appel-

lant admit that the garnishee must have five days' personal service, but deny that it must be five days before the return-day. Such a construction would be contrary to the obvious meaning of all the code provisions above cited.

The latter part of § 2134 has no application to the original writ of garnishment.

The filing of the motion to set aside the judgment was not such an appearance of the garnishee as validated the judgment already rendered.

COOPER, J., delivered the opinion of the court.

The service of the writ of garnishment was not made five days before the return-day, and, for that reason, could not support a judgment at the return-term. Section 2134, code 1892, provides that writs of garnishment " shall be served as a summons is required by law to be executed." Section 3417 provides that summons " shall be executed five days before the return-day thereof; and if executed within five days before the return-day, it shall be good to require the appearance of the party at the term next after that to which it is returnable." Section 3427 declares in what ways the service shall be made. The purpose of § 2134 is to place writs of garnishment under all the rules applicable to other original process.

Where there has not been personal service upon the garnishee, no final judgment can be rendered against him, but a judgment *nisi* must be taken, with *scire facias* returnable to the next term, " unless the court be satisfied that the garnishee can be personally served at once, in which case it may be returnable instanter." Code 1892, § 2134. It is the *scire facias*, and not the original writ, to which this clause refers.

*Judgment affirmed.*